## HENRY W. and JAMES FARLEY v. HUGH H. FARIOR.

Where the affidavit for an attachment was made by the plaintiff's attorney in fact, the Code
of Practice does not require the affidavit should state the plaintiff was absent from the
State ; that fact being shown by the petition.   C. P. 244.

An affidavit for an attachment which states, that "the defendant resides out of the State,
having acquired no legal residence in the State," is sufficient.

APPEAL from the District Court of Caddo, *Bullard*, J.   *Crain* and *Nutt*,
for plaintiff.   *J. W. Jones*, for defendant.   The judgment of the court was
pronounced by

PRESTON, J.   This suit was commenced by attachment on a promissory note.
The affidavit was made by the attorney in fact of the plaintiffs.   The defendant
moved to dissolve the attachment; first, on the ground that the affidavit should
have shown that the plaintiffs were absent from the parish.   The Code of Prac-
tice does not require that this should be shown by the affidavit.   C. P. art. 244.
It was shown by the petition.   The second ground was, that the affiant should
have sworn that the debt was due.   He did so expressly.   As a third ground
for dissolving the attachment, it was alleged, that the affiant should have sworn,
positively, that the defendant resided out of the State of Louisiana, and should
not have qualified his affidavit.   The affidavit states, that said *Farior* resides
out of the State of Louisiana, having acquired no legal residence in the State.
The statement of the reason for considering the defendant a non-resident, does
not vitiate the affidavit; but, on the contrary, being true, for it is not contradicted,
makes the affidavit more satisfactory.   The court, therefore, properly sustained
the attachment.

The defendant plead that the note had been extinguished by the sale to the
plaintiff, *H. W. Farley*, of real property in the State of Alabama; and that
there was a balance of three hundred and fifty dollars in his favor, against the
plaintiff, for which he sued by reconvention.   He propounded interrogatories

to the plaintiff, *H. W. Farley*, as to their transactions with regard to the real property alleged to have been sold to him. We have examined carefully the interrogatories and answers, and are of opinion with the district court, that the answers are responsive to the interrogatories, and do not go beyond them. The answers entirely exonerate the plaintiff from the claim in reconvention, and show that the note upon which the suit is brought, is credited with all that was justly due by the plaintiff to the defendant.

The judgment of the district court is affirmed, with costs; but without the damages claimed for a vexatious appeal.